FILED
CLERK'S OFFICE

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
CENTRAL DISTRICT SECTION   APR -5  P 12: 11

U.S. DISTRICT COURT
DISTRICT OF MASS.

| | |
|---|---|
| RAUL MERCED AND VILMA MERCED, | ) |
| | ) |
| | ) CIVIL ACTION NO.:00-40146 |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) [PROPOSED] |
| JLG INDUSTRIES, INC. and L&L FITTINGS MANUFACTURING | ) PLAINTIFFS' AMENDED COMPLAINT |
| | ) and JURY TRIAL DEMAND |
| | ) |
| Defendants, | ) |
| | ) |
| v. | ) |
| | ) |
| L&L FITTINGS MANUFACTURING | ) |
| | ) |
| Third Party Defendant. | ) |

## JURISDICTION

The amount in controversy exceeds $75,000.00 and there is a diversity of citizenship.

## PARTIES

1. The Plaintiff, Raul Merced, is an individual in Southbridge, County of Worcester, Commonwealth of Massachusetts.

2. The Plaintiff, Vilma Merced, is an individual in Southbridge, County of Worcester, Commonwealth of Massachusetts.

3. The defendant, JLG Industries, Inc., (sometimes referred to as "JLG"), is a corporation organized to do business in the State of Pennsylvania with a principle office located in McConnellsburg, Pennsylvania.

4. The defendant, L&L Fittings Manufacturing, (sometimes referred to as "L&L"), is a division of DPS, a corporation organized under the laws of Indiana with a place of business in Fort Wayne, Indiana.

## FACTS COMMON TO ALL COUNTS

5. The plaintiff, Raul Merced, was an employee of Lucent Technologies located in Sturbridge, Massachusetts.

6. Prior to January 27, 2000, Lucent and/or its predecessor purchased or acquired a manlift device manufactured by JLG.

7. On information and belief, the JLG manlift is identified as model AM-24, Serial No. 11436, Model Year, 1998 (hereinafter "manlift").

8. The manlift had a maximum platform height in excess of 24 feet.

9. JLG is a merchant in the business of manufacturing, selling and distributing devices like the manlift.

10. On January 27, 2000, Raul Merced, while in the course of his employment, was using the manlift as it was designed to be used.

11. Raul Merced was a foreseeable user of the manlift.

12. The manlift had a so-called flow control valve device which was designed to prevent a free-fall of the manlift if there was a hydraulic failure.

13. On February 27, 2000, on information and belief, part of the flow control valve, a 90 degree elbow connector, became disconnected form the rest of the flow control valve of the manlift, causing a catastrophic hydraulic failure while the manlift was in an elevated position.

14. The manlift was defective and unreasonably dangerous for its intended purpose.

15. As a direct result, the elevated bucket assembly of the manlift descended at a rapid pace with Raul Merced standing on it.

16. As a direct result, Raul Merced was severely injured.

17. On July 12, 2000, the plaintiff mailed via certified mail return receipt requested, a G.L.c. 93A demand for relief which is appended and incorporated by reference.

18. More than 30 days have passed, and no response has been received.

## COUNT ONE

(Raul Merced vs. JLG Industries, Inc.)
<u>BREACH OF EXPRESS AND IMPLIED WARRANTIES OF MERCHANTABILITY</u>

19. The plaintiff realleges paragraphs 1 through 18 above as if set forth herein.

20. The defendant, JLG, was a merchant in the business of manufacturing and selling the manlift and devices similar to the manlift.

21. The defendant, JLG sold or leased the manlift.

22. The use of the manlift by Raul Merced was reasonably foreseeable.

23. The defendant warrantied that the manlift was safe for its intended use and was free of defects.

3

24. At the time of the plaintiff's use of the manlift, the product was defective in that, among other defects, the flow control device should not have been assembled on the product as a multi-piece device and the device was also improperly brazed thereby making the manlift unreasonably dangerous to any user or consumer, including Raul Merced.

25. The defective condition of the manlift directly and approximately resulted in the manlift collapsing and to severe injuries sustained by the plaintiff, including but not limited to, physical injuries, pain and suffering, lost earning capacity, disability and other related injuries.

WHEREFORE, the plaintiff, prays this Court enter judgment for the plaintiff in an amount which is fair and reasonable, including but not limited to, costs, interest and such other relief as provided by law.

## COUNT TWO

(Raul Merced v. JLG Industries, Inc.)
NEGLIGENCE

26. The plaintiff repeats and realleges paragraphs 1 through 25 above as if set forth herein.

27. The defendant owed a reasonable duty of care to the plaintiff in connection with the sale, design and manufacture of the manlift.

28. The defendant breached its duty of care to the plaintiff by selling, designing and manufacturing the manlift in a defective condition which was unreasonably unsafe for its intended use.

29. As a direct and proximate result of the defendant's negligence, the manlift collapsed, the plaintiff sustained physical injuries, including but not limited to, severe injuries, pain and suffering, lost earning capacity, disability and other related injuries.

WHEREFORE the plaintiff, prays this Court enter judgment for the plaintiff in an amount which is fair and reasonable, including but not limited to, costs, interest and such other relief as provided by law.

## COUNT THREE

### (Vilma Merced v. JLG Industries, Inc.)
### LOSS OF CONSORTIUM

30. The plaintiff repeats and realleges paragraphs 1 through 29 above as if set forth herein.

31. As a direct and proximate result of the breaches of warranty and negligent conduct of the defendant, JLG Industries, Inc. towards the plaintiff, Raul Merced, his spouse, Vilma Merced suffered the loss of the support, love, care services, and consortium of her husband and interference with the family relationship, for which loss the defendant is liable to the plaintiff.

WHEREFORE the plaintiff, Vilma Merced, hereby demands judgment against the defendant, JLG Industries, Inc., in an amount to be determined by the trier of fact plus costs, interest and such other relief as provided by law.

## COUNT FOUR

### (Raul Merced v. JLG Industries, Inc.)
### BREACH OF G.L.C. 93A

32. The plaintiff repeats and realleges paragraphs 1 through 31 above as if set forth herein.

33. The defendant owed a duty to the plaintiff to refrain from unfair and/or deceptive trade act or practices.

34. The defendant breached G.L.C. 93A as set forth in plaintiff's 93A demand for relief and by failing to respond timely to said demand.

35. As a direct and proximate result of said breach, the manlift collapsed, the plaintiff sustained physical injuries, including but not limited to, severe injuries, pain and suffering, lost earning capacity, disability and other related injuries.

WHEREFORE the plaintiff, prays this Court enter judgment for the plaintiff in an amount which is fair and reasonable, including but not limited to, costs, interest and such other relief as provided by law.

## COUNT FIVE

(Raul Merced v. L&L Fittings Manufacturing)
BREACH OF EXPRESS AND IMPLIED WARRANTIES OF MERCHANTABILITY

36. The plaintiff repeats and realleges paragraphs 1 through 35 above as if set forth herein.

37. The defendant, L&L, was a merchant in the business of manufacturing and selling hydraulic fittings.

38. The defendant, L&L, manufactured and sold the 90 degree elbow fitting which failed causing the manlift to fail.

39. The use of the subject fitting by Raul Merced was reasonably foreseeable.

40. The defendant warrantied that the subject fitting was safe for its intended use and was free of defects.

41. At the time of the plaintiff's use of the subject fitting, the product was defective in that, among other defects, the subject fitting was improperly designed and was improperly manufactured. More specifically, the design of the subject fitting provided for insufficient braze area and the manufacture of the subject fitting was deficient in that the brazing was done improperly.

42. The defective condition of the subject fitting directly and proximately resulted in the manlift collapsing and to severe injuries sustained by the plaintiff, including but not limited to, physical injuries, pain and suffering, lost earning capacity, disability and other related injuries.

WHEREFORE, the plaintiff demands judgment as against the defendant, L&L Fittings Manufacturing, jointly and severally with all other defendants herein in an amount to be determined by a jury including costs and interest as provided by law.

## COUNT SIX

(Raul Merced v. L&L Fittings Manufacturing)
NEGLIGENCE

43. The plaintiff repeats and realleges paragraphs 1 through 42 above as if set forth herein.

44. The defendant owed a reasonable duty of care to the plaintiff in connection with the manufacture, design and sale of the subject fitting.

45. The defendant breached its duty of care to the plaintiff by selling, designing and manufacturing the subject fitting in a defective condition which was unreasonably unsafe for its intended use.

46. As a direct and proximate result of the defendant's negligence, the subject fitting failed and the manlift collapsed, the plaintiff sustained physical injuries, including but not limited to, severe injuries, pain and suffering, lost earning capacity, disability and other related injuries.

WHEREFORE the plaintiff demands judgment against the defendant, L&L Fittings Manufacturing, jointly and severally with all other defendants herein in an amount to be determined by a jury plus costs and interest as allowed by law.

### COUNT SEVEN

(Vilma Merced v. L&L Fittings Manufacturing)
### LOSS OF CONSORTIUM

47. The plaintiff repeats and realleges paragraphs 1 through 46 above as if set forth herein.

48. As a direct and proximate result of the breaches of warranty and negligent conduct of the defendant, L&L, towards the plaintiff, Raul Merced, his spouse, Vilma Merced, suffered the loss of the support, love, care, services, and consortium of her husband and interference with the family relationship, for which loss the defendant is liable to the plaintiff.

WHEREFORE the plaintiff, Vilma Merced, hereby demands judgment against the defendant, L&L Fittings Manufacturing, jointly and severally with all other defendants herein in an amount to be determined by a jury plus costs and interest as provided by law.

## COUNT EIGHT

(Raul Merced v. L&L Fittings Manufacturing)
### BREACH OF G.L.C. 93A

49. The plaintiff repeats and realleges paragraphs 1 through 48 above as if set forth herein.

50. The defendant owed a duty to the plaintiff to refrain from unfair and/or deceptive trade acts or practices.

51. The plaintiff mailed, by certified mail return receipt requested, a M.G.L. c. 93A demand for relief to the defendant, L&L, as required by law.

52. The defendant breached G.L.C. 93A as set forth in plaintiff's 93A demand for relief and by failing to properly respond to said demand.

53. As a direct and proximate result of said breach, the subject fitting failed, the manlift collapsed and the plaintiff sustained physical injuries, including but not limited to, pain and suffering, lost earning capacity, disability and other related injuries.

WHEREFORE the plaintiff, demands judgment as against the defendant, L&L Fittings Manufacturing. in an amount to be determined by a judge or jury plus costs and interest as allowed by law as well as, double or treble damages, attorneys' fees and such other relief as provided by law.

## JURY DEMAND

THE PLAINTIFF DEMANDS A TRIAL BY JURY.

Respectfully submitted, the plaintiffs,
Raul Merced and Vilma Merced
by their Attorney,

Dated: 't / ' /03

Michael J. Heineman
BBO#556841
MINGACE & HEINEMAN, PC
284 Union Avenue
Framingham, MA 01702
(508) 626-8500

## CERTIFICATE OF SERVICE

I, Michael J. Heineman, hereby certify that on this date I made service of the following document(s):

Plaintiffs' Amended Complaint

upon all interested parties with a letter via fax and U.S. mail, postage pre-paid, containing a copy of the same, to:

| | |
|---|---|
| Scott Tucker, Esq.<br>Tucker, Heifetz & Saltzman<br>3 School Street<br>Boston, MA 02108 | (Counsel for JLG Industries, Inc.) |
| Emily G. Coughlin, Esq.<br>Ryan, Coughlin & Betke, LLP<br>175 Federal Street, 13th Floor<br>Boston, MA 02110 | (Counsel for L&L Fittings, Inc.) |
| Gary C. Duvall, Esq.<br>Miles & Stockbridge, P.C.<br>600 Washington Avenue, Suite 300<br>Towson, MD 21204 | (Co-Counsel for JLG) |

DATE: 4/1/04

Michael J. Heineman, (BBO #556841)